870 F.2d 656
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Thomas Lynn SURBER, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Sinclair C. PRESTON, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ben JOHNSON, Defendant-Appellant.
 No. 88-5024.
 United States Court of Appeals, Fourth Circuit.
 Argued Jan. 13, 1989.
Decided Feb. 22, 1989.
 
 John Edward Eldridge (Ray, Farmer & Eldridge, Louis Dene, Dene & Associates, Robert W. Detrick, on brief) for appellants.
 Thomas Jack Bondurant, Jr., Assistant United States Attorney, Peter J. Jenkell, Third-Year Law Student Intern (John P. Alderman, United States Attorney, on brief) for appellee.
 Before DONALD RUSSELL and WILKINS, Circuit Judges, and MOTZ, United States District Judge for the District of Maryland, sitting by designation.
 WILKINS, Circuit Judge:
 
 
 1
 Thomas Lynn Surber, Sinclair C. Preston and Ben Johnson (Defendants) appeal their convictions of conspiracy to possess cocaine with intent to distribute, possession of cocaine with intent to distribute, and other drug-related charges. 21 U.S.C.A. Secs. 846, 841(a)(1) (West 1981); 21 U.S.C.A. Secs. 843(b), (c) (West 1981); 18 U.S.C.A. Sec. 1952 (West 1984 & Supp.1988). We affirm.
 
 I.
 
 2
 Viewed in the light most favorable to the government, Glasser v. United States, 315 U.S. 60, 80 (1942), the evidence presented at trial established that in 1987 Defendants played various roles in an agreement to distribute large quantities of cocaine to an undercover narcotics officer. As the result of their activities, Defendants were indicted for conspiracy to possess cocaine with intent to distribute, possession of cocaine with intent to distribute, multiple counts of violation of the Travel Act, and multiple counts of use of a telephone to facilitate the conspiracy. Surber and Preston were convicted of conspiracy and possession with intent to distribute, various counts of violation of the Travel Act, and various counts of use of a telephone to facilitate the conspiracy. Johnson was convicted of conspiracy and possession and one count of use of a telephone to facilitate the conspiracy.
 
 
 3
 On appeal Defendants assert numerous allegations of error. The only issue which warrants discussion is Defendants' contention that the district court committed plain error in the selection of alternate jurors.
 
 II.
 
 4
 Selection of jurors is governed by Federal Rule of Criminal Procedure 24 which provides, in part:
 
 
 5
 (b) Peremptory Challenges.... If the offense charged is punishable by imprisonment for more than one year, the government is entitled to 6 peremptory challenges and the defendant or defendants jointly to 10 peremptory challenges.... If there is more than one defendant, the court may allow the defendants additional peremptory challenges and permit them to be exercised separately or jointly.
 
 
 6
 (c) Alternate Jurors.... Each side is entitled to 1 peremptory challenge in addition to those otherwise allowed by law if 1 or 2 alternate jurors are to be impanelled, 2 peremptory challenges if 3 or 4 alternate jurors are to be impanelled, and 3 peremptory challenges if 5 or 6 alternate jurors are to be impanelled. The additional peremptory challenges may be used against an alternate juror only, and the other peremptory challenges allowed by these rules may not be used against an alternate juror.
 
 
 7
 Defendants assert they were denied a fair trial because the district court did not allow them the opportunity to peremptorily challenge any alternate juror.
 
 
 8
 At the commencement of the jury selection process, the district court drew 36 prospective jurors from the venire. The court then conducted general and specific voir dire and also allowed defense counsel to conduct more extensive voir dire. After five jurors were excused for cause, 31 prospective jurors remained. The court then announced, "Gentlemen, we have 31 jurors who are qualified. The Defense will strike ten, the Government six, and that will leave 15. The Court will draw three who will be alternates." Accordingly, the court allowed the government six peremptory strikes and Defendants were allowed ten strikes jointly. The court then impanelled the first 12 of the remaining 15 as the petit jury and designated the last three to serve as alternate jurors. During trial one juror was excused and replaced by an alternate juror.
 
 
 9
 Defendants made a specific request for additional peremptory strikes in the selection of the petit jury under Rule 24(b) which the district court properly denied in an exercise of its discretion. United States v. Meredith, 824 F.2d 1418, 1423 (4th Cir.), cert. denied, 98 L.Ed.2d 404 (1987). However, when the district court announced the method by which the alternate jurors were to be selected, Defendants made no objection or request to be allowed to exercise strikes pursuant to Rule 24(c).
 
 
 10
 Under Rule 24(c), both the government and Defendants were entitled to two peremptory challenges in the selection of the three alternate jurors. Failure to object to denial of Rule 24(c) peremptory challenges constitutes a waiver of the error. See Virgin Islands v. Bradshaw, 569 F.2d 777, 781 (3d Cir.), cert. denied, 436 U.S. 956 (1978); Carbo v. United States, 314 F.2d 718, 748 (9th Cir.1963), cert. denied, 377 U.S. 953 (1964). Defendants acknowledge that they did not object, but they assert that the failure to allow strikes in the selection of the alternate jurors was plain error which should mandate reversal. Fed.R.Crim.P. 52(b); United States v. Ricks, 802 F.2d 731 (4th Cir.) (en banc ), cert. denied, 479 U.S. 1009 (1986). While the district court should have qualified a sufficient number of jurors to allow all parties the opportunity to exercise the strikes provided by Rule 24(c), its failure to do so did not constitute plain error.
 
 
 11
 In Ricks there were 66 prospective jurors in the jury pool from which the petit jury would be selected and after nine were excused for cause, 57 remained. From the 57 prospective jurors, the district court led the defendants to believe that the petit jury would be selected by beginning with the first name on the list and moving down the list name by name. With this understanding, the defendants exercised all their peremptory challenges to prospective jurors listed among the first 27 names. However, contrary to the defendants' understanding, the district court then selected the petit jury beginning with juror number 30 and proceeding through juror number 42. The court overruled the defendants' objection and impanelled a jury. On appeal this court held that the right to peremptory strikes was an important right, albeit not a constitutional one, the substantial impairment of which required reversal. Ricks, 802 F.2d at 733.
 
 
 12
 Defendants' situation is different in two important respects from that in Ricks. First, in Ricks, unlike here, the defendants made a timely objection. Second, this court found that the defendants in Ricks were effectively denied the opportunity to exercise their peremptory challenges against any of the jurors ultimately impanelled. Although admittedly Defendants here would have had to use a Rule 24(b) strike, they at least were given the opportunity to strike the alternate juror who served.
 
 
 13
 In contrast, Defendants' position is indistinguishable from those in Bradshaw and Carbo. In Bradshaw, a defendant was allowed only five of the ten peremptory challenges to which he was entitled under Rule 24(b). In Carbo, a defendant was allowed only one of the two peremptory challenges to which he was entitled under Rule 24(c). In both instances, no objection was made and the issue was deemed waived on appeal. Likewise, Defendants here waived the Rule 24(c) defect by failing to object to the procedure used by the district court to impanel the alternate jurors.
 
 
 14
 AFFIRMED.